UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-18-10

EVERSPEED ENTERPRISES LIMITED
PTE. LTD.,

      Plaintiff,

v.

SKAARUP FORTUNE SHIPPING LTD.,

      Defendant.

**ORDER**

09 Civ. 1319 (LBS)

SAND, J.

  In light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, No. 08 Civ. 3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), the Court issued an order to show cause as to why the order of attachment issued in this action should not be vacated, any attached funds released, and this action dismissed. Plaintiff has responded to this order to show cause, and Defendant has replied to the Plaintiff's response. For the following reasons, the order of attachment is vacated and this case is dismissed without prejudice or costs to any party.

  I.  **Discussion**

  In *Jaldhi*, the Court of Appeals for the Second Circuit held that Electronic Funds Transfers ("EFTs") in the temporary possession of an intermediary bank are not the property of the originator or the beneficiary of the transfer under New York law, and are not attachable under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, overruling *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). *Jaldhi*, 2009 WL 3319675. In *Hawknet, Ltd. v. Overseas Shipping Agencies, et al.*, No. 09 Civ. 2128,

1

2009 WL 4911944 (2d Cir. Dec. 22, 2009), the Court of Appeals held in an amended opinion that the rule in *Jaldhi* applies retroactively.

Plaintiff argues that equitable factors, particularly the heavy reliance Plaintiff placed on the rule in *Winter Storm* that led it to undertake a costly, still-pending arbitration, counsel against retroactive application of *Jaldhi*. However, the Court of Appeals in *Hawknet* explicitly stated that, "[a]lthough we recognize that the parties relied on *Winter Storm Shipping, Ltd. v. TPI*—the case we overruled in [*Jaldhi*]—when structuring their transactions, the Supreme Court has held that a reliance interest is insufficient to overcome the presumption of retroactivity." *Hawknet*, 2009 WL 4911944, at *2 n.7 (*citing Harper v. Virginia Dep't of Taxation*, 506 U.S. 86, 97 (1993) ("In both civil and criminal cases we can scarcely permit the substantive law to shift and spring according to the particular equities of individual parties' claims of actual reliance on an old rule and of harm from a retroactive application of the new rule.")). Moreover, courts in this District have found equitable considerations insufficient to prevent the application of *Jaldhi* and *Hawknet* when plaintiffs have relied on a Rule B attachment to undertake a pending or completed arbitration. *See, e.g., HK (UK) Ltd. v. Ashapura Minechem Ltd.*, No. 08 Civ. 9436 (SAS), 2009 WL 4906536, at *2 (S.D.N.Y. Dec. 18, 2009) ("IHX claims that it relied on the Second Circuit's prior decisions upholding maritime attachments and now will be unable to secure the judgment already awarded in arbitration. IHX's contention is not compelling, particularly where the initial attachment was infirm and IHX has been unable to show that this Court has any basis to exercise jurisdiction over Ashapura."). Based on *Hawknet*, the Court is unable to avoid the retroactive application of *Jaldhi* based on the equitable concerns raised by Plaintiff.

2

Plaintiff next argues that since the restrained funds were moved to suspense accounts by the garnishee bank, they no longer fall under *Jaldhi*'s holding, which applied to EFTs. Courts in this District have rejected this argument as a formalistic attempt to sidestep the clear ruling in *Jaldhi*. *See, e.g., Argus Dev. Inc. v. Steelcore Trading Ltd.,* No. 09 Civ. 6009 (JGK), 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) ("No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached"); *Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC,* No. 09 Civ. 7164 (LTS), slip op. at 1 (S.D.N.Y. Nov. 16, 2009) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*]."); *see also Consub Delaware L.L.C. v. Schahin Eugenharia Limitada,* No. 06 Civ. 13153(SAS), 2009 WL 4858078, at *3 (S.D.N.Y. Dec. 15, 2009) ("[Plaintiff] now asks this Court to draw a line between EFTs in the possession of an intermediary bank and the interest created by the originator's right of refund in those same EFTs. Yet [Plaintiff] ignores the fact that for the situs of such intangible interest to be found in New York, [the intermediary bank] must owe an obligation to repay the funds directly to [the Defendant-Originator rather than the originating bank]. It does not. . . .").

Lastly, Plaintiff argues that the Court should apply a New York State intermediate appellate court decision, *Palestine Monetary Authority v. Strachman,* 873 N.Y.S.2d 281 (N.Y. App. Div. 2009) ("*PMA*"), instead of *Jaldhi*. *Jaldhi* remains binding precedent on this Court. Regardless, as Judge Chin has noted, Plaintiff's reliance on *PMA* to argue against *Jaldhi*'s interpretation of New York law is "misplaced. . . . *PMA* holds that only the banks involved in an EFT transaction possess a property interest in an EFT. *PMA,* [873 N.Y.S.2d at 292-94]; *see also Jaldhi,* 585 F.3d at 71 (holding that, under New York law, "EFTs are neither the property

3

of the originator nor the beneficiary while briefly in the possession of an intermediary bank").ND" *Deval Denizcilik Ve Ticaret A.S. v. Italiana*, No. 09 Civ. 0367 (DC), 2009 WL 5179015, at *3 (S.D.N.Y. Dec. 23, 2009).

## II. Conclusion

For the reasons stated above, Defendant's motion is granted. The order of attachment issued in this case is hereby vacated, and we order that the funds attached pursuant to that order be released immediately. As the Plaintiff has not put forth a basis for personal jurisdiction over the Defendant other than the attached funds, this case is dismissed without prejudice or costs to any party for lack of personal jurisdiction. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Feb. 18, 2010
New York, NY

_____
U.S.D.J.