UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERSPEED ENTERPRISES LIMITED
PTE. LTD.,

                        Plaintiff,

v.

SKAARUP FORTUNE SHIPPING LTD.,

                        Defendant.

**MEMORANDUM & ORDER**

09 Civ. 1319 (LBS)

SAND, J.

In a Memorandum and Order dated February 18, 2010, we vacated the order of attachment issued in this case and dismissed this case without prejudice in light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009). Plaintiff now seeks a stay of the vacatur order pending appeal pursuant to Federal Rule of Civil Procedure 62(d), or in the alternative, a temporary stay while it seeks a stay from the Court of Appeals for the Second Circuit. For the following reasons, Plaintiff's motions for a stay of the vacatur order are denied.

### I.    Discussion

Federal Rule of Civil Procedure 62(d) applies to stays of monetary judgments. *See, e.g.*, *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186, 188 (S.D.N.Y. 2007) ("[I]t is well-settled that subsection (d) applies exclusively to stays of money judgments . . . ."). In this case, there has been no monetary judgment, but rather an order directing the release of attached funds. *See HC Trading Int'l Inc. v. Crossbow Cement, SA*, No. 08 Civ. 11237 (JGK), 2009 WL 4931341, at *1 (S.D.N.Y. Dec. 21, 2009) (A post-*Jaldhi* vacatur order "orders the

1

plaintiffs 'to do,' rather than 'to pay' and is more properly termed an injunction rather than a monetary judgment."). "Therefore, the Court will treat [Plaintiff's] motion to stay as a motion pursuant to Rule 62(c)." *Id.*

To decide a discretionary motion to stay under Federal Rule 62(c), the Court must consider "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors are treated "somewhat like a sliding scale," and the required showing of likelihood of success on the merits varies according to the Court's evaluation of the other factors. *Front Carriers Ltd. v. Transfield ER Cape Ltd.*, No. 07 Civ. 6333 (RJS), 2010 WL 571967, at *1 (S.D.N.Y. Feb. 15, 2010) (*quoting Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)).

For the reasons set forth in the Court's February 18, 2010 Memorandum and Order, Plaintiff has not demonstrated a likelihood of success on the merits. Every argument on the merits put forth by Plaintiff in opposing vacatur and in moving for a stay has been repeatedly rejected by courts in this District. *See, e.g.*, *Opal Finance Ltd. v. Agrenco Madeira Comercio Internacional LDA*, No. 08 Civ. 8279 (LAP), 2010 WL 476711, at *2 (S.D.N.Y. Feb. 3, 2010) ("[C]ourts in this District have routinely rejected equitable arguments for departure from the rules of *Jaldhi* and *Hawknet*."). As to Plaintiff's argument that *Jaldhi* was wrongly decided, "since the Second Circuit promptly reiterated [*Jaldhi*'s holding] and made it retroactive in *Hawknet, Ltd. v. Overseas Shipping Agencies*, [587 F.3d 127 (2d Cir. 2009), Plaintiff's] argument that both cases are wrongly decided is likely to be unavailing on appeal." *Leinster*

*Inter S.A. v. Botley Ltd.*, No. 09 Civ. 3874 (SHS), 2009 WL 5246211, at *1 (S.D.N.Y. Dec. 30, 2009).

Nor has Plaintiff demonstrated that it would suffer irreparable injury absent a stay of the vacatur order.  Plaintiff alleges it will suffer only monetary loss if a stay is not granted, but "[a]s a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm."  *See Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186, 194, *aff'd*, 323 Fed. Appx. 36 (2d Cir. 2009).  "[M]onetary injury *may* suffice to establish irreparable harm in situations where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state."  *Id.* (emphasis in original, citations and internal quotation marks omitted).  However, Plaintiff has made no showing that "[D]efendant is insolvent, facing bankruptcy, or that a monetary judgment against [D]efendant otherwise would be uncollectible."  *HC Trading Int'l Inc.*, 2009 WL 4931341, at *2.

The continued attachment of Defendant's funds causes harm to Defendant.  *See id.* at *3 ("[I]f a stay is issued, the defendant will suffer the harm of the continued restraint on its funds.  Furthermore, it will continue to be subjected to the jurisdiction of this Court in contradiction to controlling law in this Circuit."); *Leinster Inter S.A.*, 2009 WL 5246211, at *1 ("[C]ontinued restraint of defendant's funds does cause it harm, thus tipping the balance of factors further in defendant's favor.").

Lastly, "the public interest weighs in favor of denying the plaintiff's motion in order to ensure that *Jaldhi* and *Hawknet* are enforced in this District."  *HC Trading Int'l Inc.*, 2009 WL 4931341, at *3.  Citing no authority, Plaintiff argues that "principles of comity" and the value of ensuring the enforceability of foreign judgments tilt the public interest in its favor.  (*See* Pl's.

Mem. Supp. Mot. Stay 7-8.)  However, "[e]ven assuming that to be true, nothing in the *Jaldhi* or *Hawknet* decisions acts to undermine the jurisdiction, laws, or arbitration awards of any other country.  Those decisions simply limit the jurisdiction of United States courts to attach electronic funds transfers; any property that is *validly* attached remains available for the enforcement of foreign judgments.   This factor disfavors a stay."  *Arctic Ocean Int'l Ltd. v. High Seas Shipping Ltd.*, No. 06 Civ. 1056 (LAP), 2009 WL 5103283, at *2 (S.D.N.Y. Dec. 28, 2009) (emphasis in original).

Upon consideration of the foregoing factors, Plaintiff's request for a stay pending appeal is denied.  In the alternative, Plaintiff requests that the court stay execution of the vacatur order while it seeks a stay from the Court of Appeals for the Second Circuit.  While two courts have granted such a stay after denying a post-*Jaldhi* Rule 62(c) motion for a stay, those courts' analysis of the four Rule 62(c) factors resulted in a stronger showing for the plaintiffs than Plaintiff has made here.  *See id.* at *1-2 (finding that the likelihood of irreparable injury "slightly favor[ed] a stay" and that the defendant would "suffer minimal harm if a stay [was] granted [because the plaintiff had] represented that it [would] provide a supersedeas bond"); *Front Carriers Ltd.*, 2010 WL 571967, at *1 (noting that the plaintiff had submitted a declaration alleging that the defendant was insolvent, "that it . . . had difficulty locating other property of Defendant to attach, and alleging, through hearsay, that Defendant ceased some of its operations.").  Because Plaintiff has not made even the minimal showing made by the plaintiffs in those two cases, Plaintiff's request for a temporary stay while it seeks a stay from the Court of Appeals is denied.  *See Leinster Inter S.A.*, 2009 WL 5246211, at *1 ("[Plaintiff's motion for a temporary stay] is also denied, although plaintiff is free to seek such relief from the Court of Appeals.  *See* Fed. R. App. P. 8(a)(2)(A)(ii).").

## II. Conclusion

For the reasons stated above, Plaintiff's motions for a stay of the vacatur order are denied.

SO ORDERED.

Dated: April 15, 2010
New York, NY

_____
U.S.D.J.